IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Suzhou Meilin Import and Export Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Yan Lyu dba STARWHISPER, <br><br> Defendant. | Case No. 1:25-cv-06766 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Suzhou Meilin Import and Export Co., Ltd. ("Plaintiff"), by and through its attorneys of record, Bayramoglu Law Offices, LLC, appears and states by way of the Complaint and alleges the following against Defendant Yan Lyu dba STARWHISPER ("Defendant"), and alleges based on information and belief as follows:

## JURISDICTION AND VENUE

1. This action is brought under, and subject matter jurisdiction of this matter is vested in this Court through, 28 U.S.C. § 1331 (Federal Question Jurisdiction) and 1338 (action arising under an Act of Congress relating to trademarks and copyrights). This action is also brought under the copyright laws of the United States, Copyright Act of 1976, as amended, (17 U.S.C. § 101, *et seq*.).

2. Venue is proper in this action under 28 U.S.C. § 1391 because Defendant does business within the state of Illinois, a substantial part of the harm from the events or omissions giving rise to the claims occurred in this District, and because the Defendant is subject to personal jurisdiction in this District.

3. This Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets business activities toward consumers in the United States, including Illinois, at least through its fully interactive e-commerce store on Amazon.com. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating its Amazon e-commerce store that target United States consumers, offering shipping to the United States, including Illinois, accepting payment in U.S. dollars and, on information and belief, have sold products using infringing content to residents of Illinois. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

4. On information and belief, Defendant is not a resident of the United States. Therefore, for venue purposes under 28 U.S.C. § 1391(c)(3), Defendant may be sued in any judicial district, including the Northern District of Illinois.

5. Defendant has consented to the jurisdiction of any judicial district in which Amazon may be found supplied within a DMCA Counter-Notice in accordance with 17 U.S.C. § 512(g)(3). Amazon has numerous locations within this district, including but not limited to Amazon ORD10 located at 227 W Monroe St #1400, Chicago, IL 60606; Amazon Go located at 113 S Franklin St, Chicago, IL 60606 and 130 E Randolph St, Chicago, IL 60601; Amazon Cicero (DLN2) located at 1500 S Laramie Ave, Cicero, IL 60804; Amazon – DIL3 located at 3507 W 51st St, Chicago, IL 60632; and many more warehouses, lockers, Amazon Go, and other locations.

## INTRODUCTION

6. This action has been filed by Plaintiff to combat an online seller who is deliberately infringing upon Plaintiff's copyright by selling and offering for sale products that have copied Plaintiff's registered copyright, which is covered by U.S. Copyright Registration No.

VA0002412252 (the "Plaintiff's Copyright"). Plaintiff's Copyright is valid, subsisting, and in full force and effect. A true and correct copy of Plaintiff's Copyright from the U.S. Copyright Office public catalog is attached hereto as **Exhibit 1**.

7. The Defendant created a product for its online Amazon store that directly infringes upon Plaintiff's Copyright. Plaintiff discovered the infringement and sent a DMCA Takedown Notice to Amazon, to which Amazon removed Defendant's infringing product.

8. Defendant subsequently submitted a DMCA Counter-Notice to Amazon, which was provided to Plaintiff, making this litigation necessary in order to protect Plaintiff's intellectual property rights.

9. Plaintiff believes Defendant's DMCA Counter-Notice to Amazon was made in bad faith in the hope Plaintiff would not pursue litigation, as Defendant has no reasonable belief that the infringing product was removed due to any mistake or misidentification.

10. This Court has jurisdiction over Defendant, in that Defendant has committed acts of copyright infringement in this judicial district, is not a resident of the United States and may be sued in any judicial district, and has consented to be sued in any judicial district in which Amazon may be found, which includes the Northern District of Illinois.

## THE PLAINTIFF

11. Plaintiff is limited company located in China with an address of Room A705, Zhongxincheng, No. 128 Donghuan Road, Suzhou, 215000, China.

12. Plaintiff is the owner of U.S. Copyright Registration No. VA0002412252.

13. Plaintiff's Copyright was created in 2019, published on January 4, 2019, and registered on August 1, 2024. This information is all available within the Copyright Registration attached hereto and publicly available through the United States Copyright Office's public catalog.

14. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting Plaintiff's Copyright. As a result, products associated with Plaintiff's Copyright are associated by consumers, the public, and the trade as products authorized for sale by Plaintiff.

15. Plaintiff has made efforts to protect Plaintiff's interests in and to Plaintiff's Copyright by sending removals for infringing products, including but not limited to the removal of Defendant's infringing product.

16. No one other than Plaintiff and Plaintiff's licensees are authorized to reproduce Plaintiff's Copyright in an effort to advertise, create competing products, offer for sale, or sell any competing goods utilizing Plaintiff's Copyright without the express written authorization from Plaintiff.

## THE DEFENDANT

17. On information and belief based on Plaintiff's investigation and the DMCA Counter-Notice provided by Defendant, Defendant is a Chinese individual.

18. On information and belief, Defendant operates an Amazon store under the name STARWHISPER that Defendant is using to sell the infringing products.

19. Defendant provided an email address of JXY202168@163.com within the DMCA Counter-Notice for the purposes of providing contact information.

20. Defendant would have been provided with the takedown notification from Amazon electronically through a valid email and was able to respond to the takedown notice, establishing an active and actively monitored email address.

## THE DEFENDANT'S UNLAWFUL CONDUCT

21. Plaintiff's Copyright was created in 2019 by Jie Wang, who transferred the rights in Plaintiff's Copyright to Plaintiff, as indicated in the registration for Plaintiff's Copyright.

22. Plaintiff owns all exclusive rights, including without limitation the rights to reproduce the copyrighted work within Plaintiff's Copyright, to prepare derivative works based upon Plaintiff's Copyright, and to distribute copies of Plaintiff's Copyright to the public.

23. Defendant created a product to be sold through its Amazon store utilizing a copy of Plaintiff's Copyright.

24. Even following the removal of the infringing product's item listing, the infringing product is still visible in Plaintiff's advertising materials. True and correct copies of the advertising materials are attached as **Exhibit 2**.

25. Defendant's product and marketing uses images that infringe on Plaintiff's Copyright and is a clear attempt to use Plaintiff's Copyright for Defendant's financial benefit.

26. Defendant had access to Plaintiff's Copyright and intentionally utilized Plaintiff's copyrighted work in order to financially benefit from Plaintiff's creation.

27. Defendant's exploitation of Plaintiff's Copyright for Defendant's own product constitutes infringement of Plaintiff's Copyright.

28. Defendant's infringing acts are willful, intentional, and purposeful, and in disregard of and with indifference to Plaintiff's rights.

## COUNT I COPYRIGHT INFRINGEMENT

29. Plaintiff hereby re-alleges and incorporates each and every allegation set forth in Paragraphs 1-28 as if the same was more fully set forth herein.

30. Plaintiff's Copyright constitutes an original work and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

31. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for Plaintiff's Copyright, as protected by U.S. Copyright Registration No. VA0002412252, which was duly issued by the United States Copyright Office. Plaintiff is the owner of all rights, title, and interest in Plaintiff's Copyright, which have never been assigned, licensed, or otherwise transferred to Defendant in any way.

32. Plaintiff's Copyright is published and available to Defendant online as well as being publicly available through the copyright reservation notice on Plaintiff's product listing for the product utilizing Plaintiff's Copyright. As such, Defendant had access to Plaintiff's Copyright via the internet.

33. Without authorization from Plaintiff, or any right under the law, Defendant has deliberately copied, displayed, distributed, reproduced and made derivative works incorporating Plaintiff's Copyright on Defendant's Amazon store. Defendant's unauthorized reproduced and derivative works utilize Plaintiff's Copyright and is a deliberate infringement of Plaintiff's intellectual property rights.

34. Defendant has unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating unauthorized reproductions that capture and mimic the total concept and feel of Plaintiff's Copyright.

35. On information and belief, the Defendant's infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to Plaintiff's intellectual property rights.

36. On information and belief, Defendant's DMCA Counter-Notice was made in bad faith as Defendant has no reasonable belief that there was any mistake or misidentification made when Plaintiff requested the removal of Defendant's products through the use of a DMCA Takedown Notice.

37. Defendant's aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and Plaintiff will continue to suffer damages and irreparable injury. Plaintiff is entitled to injunctive relief through 17 U.S.C. § 502.

38. Plaintiff is entitled to, and may elect to choose, injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendant of the infringing work and for an order under 17 U.S.C. § 503 that any of Defendant's infringing products be impounded and destroyed.

39. As a direct and proximate result of its wrongful conduct, Plaintiff has suffered and will continue to suffer actual damages in addition to Defendant profiting and continuing to profit from its wrongful conduct. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504.

40. Alternatively, Plaintiff is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement.

41. Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**COUNT II**
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**

42. Plaintiff hereby re-alleges and incorporates each and every allegation set forth in Paragraphs 1-41 as if the same was more fully set forth herein.

43. Defendant has engaged in acts violating Illinois law including, but not limited to, passing off their online infringing products of Plaintiff's Copyright, thereby causing a likelihood of confusion and/or misunderstanding as to the source of Defendant's goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with Plaintiff, falsely representing that Defendant's products have Plaintiff's authorization when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

44. Moreover, Defendant has used, without authorization, Plaintiff's Copyright in promoting Defendant's online store by displaying Plaintiff's Copyright in connection with marketing and promotional materials on Defendant's online store, thus deceiving consumers into believing said products are authorized by Plaintiff and Defendant's store is an authorized distributor of products utilizing Plaintiff's Copyright.

45. The foregoing acts of Defendant constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, et seq.

46. Plaintiff is entitled to the recovery of damages and attorneys' fees as authorized by statute.

47. Plaintiff has no adequate remedy at law, and Defendant's conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will continue to suffer future irreparable harm as a direct result of Defendant's unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For judgment in favor of Plaintiff against Defendant on all claims;

2. That pursuant to 17 U.S.C. § 502 and its inherent equitable powers, the Court issue a permanent injunction restraining and enjoining Defendant from reproducing, distributing copies of, making derivative works of, or publicly displaying Plaintiff's copyrighted works in Plaintiff's Copyright;

3. That pursuant to 17 U.S.C. § 502 and its inherent equitable powers, Defendant's infringing Amazon listing be permanently removed from all online platforms and/or physical stores and Defendant be permanently restrained from future infringement of Plaintiff's Copyright;

4. Entry of an Order that, upon Plaintiff's request, any online platform or physical store provided reasonable notice of the injunction, shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the infringing product using Plaintiff's Copyright and/or remove or destroy all such infringing listings or products;

5. That pursuant to 17 U.S.C. § 504, Plaintiff recover actual damages and Defendant's profits, such sums to be proven at trial;

6. Alternatively, and at Plaintiff's election prior to any final judgment being entered, Plaintiff is entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed, pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

7. That Defendant be ordered to pay all of Plaintiff's attorney fees and costs associated with this action pursuant to 17 U.S.C. § 505;

8. That Defendant, to the extent not enjoined for violation of the Copyright Act, be temporarily, preliminarily, and permanently enjoined under 815 ILCS § 510/1, et seq.;

9. That Plaintiff be awarded attorneys' fees and costs damages as authorized by statute under 815 ILCS § 510/1, et seq.;

10. Awarding pre- and post- judgment interest; and

11. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff also demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

DATED: June 18, 2025

Respectfully submitted,

**BAYRAMOGLU LAW OFFICES LLC**
By: */s/ David Silver*
DAVID SILVER, ESQ. (NV Bar No. 15641)
david@bayramoglu-legal.com
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
Telephone: 702.462.5973 | Fax: 702.553.3404
*Attorneys for Plaintiff*